IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE COMMERCIAL BANK OF OZARK a/k/a COMMERCIAL BANK OF OZARK, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:14-CV-715-WKW [WO] |
| CLARISSA A. LAMPLEY PEARSON and LORENZO PEARSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants, who are proceeding *pro se*, removed this action from the Circuit Court of Dale County, Alabama, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446(b). Before the court is Plaintiff's motion to remand (Doc. # 8), which has been fully briefed. (Docs. # 19–21.) After careful consideration of the motion and arguments, the court finds that the motion to remand is due to be granted.

### I. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes,

resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.  BACKGROUND

The Complaint alleges the following facts.  On June 3, 2010, The Commercial Bank of Ozark ("Plaintiff") foreclosed its mortgages on two parcels of property owned by Clarissa A. Lampley Pearson and Lorenzo Pearson ("Defendants").  Notwithstanding that Plaintiff now is the "legal title owner" of those properties in Dale County, Defendants "are occupying the premises and . . . otherwise are continuing to assert control over the same and [have] refused to vacate and/or relinquish control and deliver possession of the premises to Plaintiff."  (Compl., at 2.)  Plaintiff demands possession of the property and "requests a judgment for such."  (Compl., at 2.)  Defendants removed this action to this court, and Plaintiff moved to remand.

## III.  DISCUSSION

As grounds for removal, Defendants contend that this action falls within the court's original jurisdiction under 28 U.S.C. §§ 1331 and 1332(a).  *See* 28 U.S.C. § 1441(a) (allowing removal of civil actions over which the district courts have original jurisdiction).  On the other hand, Plaintiff contends that neither a federal question nor diversity of citizenship exists and that, therefore, remand is required.  The proposed jurisdictional bases for removal are addressed in turn.

A.    **<u>Federal-Question Jurisdiction</u>**

A district court has original jurisdiction over civil actions "arising under" federal law. § 1331. "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). "[A] defense which presents a federal question cannot create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997); *see also Bank of N.Y. v. Angley*, 559 F. App'x 956, 957 (11th Cir. 2014) ("There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim."). An exception to the well-pleaded complaint rule exists, however, where federal law completely preempts an area of state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (discussing the complete-preemption doctrine).

Here, the Complaint does not plead a federal cause of action on its face, and Defendants do not contend that it does. Rather, Defendants argue that federal-question jurisdiction exists based upon the Truth in Lending Act ("TILA"), in particular, 15 U.S.C. § 1635(f), and the TILA's Regulation Z, which governs

3

disclosures that lenders must make to consumers in specified credit transactions. *See generally* 15 U.S.C. §§ 1601, *et seq.*; 12 C.F.R. §§ 226.1, *et seq*. Defendants contend that, even though the Complaint does not plead a cause of action under the TILA, Plaintiff must demonstrate that it "followed federal law" in order to prove its title to the properties at issue and that, therefore, this action raises a federal question. (Doc. # 1, at 3.) This basis for removal jurisdiction is unfounded.

Although the parties have not cited any Eleventh Circuit authority, two district courts in this circuit have concluded that the complete-preemption doctrine "does not apply to the TILA." *Jackson v. Bank One*, 952 F. Supp. 734, 736 (M.D. Ala. 1996) (DeMent, J.); *Monday v. Coast to Coast Wireless Cable*, No. 96cv321, 1997 WL 114874, at *10 (M.D. Ala. Feb. 19, 1997) (Albritton, J.) (same). "The TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption." *Jackson*, 952 F. Supp. at 736. Consequently, "there is no authority for removing state law claims to federal court on the basis of the TILA." *Monday*, 1997 WL 114874, at *10. Additonally, the Eighth Circuit has held that "the TILA lacks that extraordinary preemptive power necessary to convert a state-law complaint 'into one stating a federal claim for purposes of the well-pleaded complaint rule.'"[1] *Magee v. Exxon Corp.*, 135 F.3d 599, 602 (8th Cir. 1998)

---

[1] To this court's knowledge, the Eighth Circuit is the only circuit that has addressed this issue in a published opinion.

(quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  Based upon these persuasive authorities, Defendants' defense that the TILA defeats Plaintiff's action does not create a right of removal.[2]  Because a federal question does not appear on the face of the Complaint and because the complete-preemption doctrine does not apply to the TILA, removal under § 1331 is improper.

B.     **Diversity Jurisdiction**

Diversity jurisdiction under § 1332(a) "requires that no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Additionally, diversity jurisdiction requires an amount in controversy that exceeds $75,000.  *See* § 1332(a).

Defendants focus solely on § 1332(a)'s amount-in-controversy requirement.  Even if Defendants' basis for assessing the amount in controversy is correct, jurisdiction cannot rest on § 1332(a) without complete diversity of citizenship.  Defendants undisputedly are citizens of Alabama.  Additionally, Plaintiff has presented unrefuted evidence, which is consistent with the Complaint's allegations,

---

[2] No opinion is expressed on the merits of Defendants' TILA-based defense or on whether that defense is pleaded properly.  Those issues are for the state court to decide.

that its state of incorporation is Alabama and that its principal place of business is in Dale County. Plaintiff and Defendants are, therefore, citizens of Alabama for jurisdictional purposes. Because there is not complete diversity between the parties, removal under § 1332(a) is improper.[3]

## IV. CONCLUSION

Based upon the foregoing, the court does not have original jurisdiction over this removed action. Accordingly, it is ORDERED that Plaintiff's motion to remand (Doc. # 8) is GRANTED and that this action is REMANDED to the Circuit Court of Dale County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 15th day of October, 2014.

      /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Also, as a matter or procedure, 28 U.S.C. § 1441(b) prohibits removal on diversity grounds by a defendant who is a citizen of the forum state. *See* § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").